UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS D. FLORES, | No. 2:22-cv-02107-DAD-DB (PC) |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATOIN AND REOPENING THIS CASE |
| G. HERRERA, et al., | |
| Defendants. | (Doc. No. 19) |

Plaintiff Nicholas D. Flores is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On November 13, 2023, the assigned magistrate judge issued findings and recommendations recommending that this case be dismissed without prejudice due to plaintiff's failure to prosecute this action. (Doc. No. 14.) The service copy of the findings and recommendations, which were served on plaintiff at his address of record, were returned to the court marked as undeliverable. After no timely objections were filed, this court adopted the findings and recommendations on February 1, 2024, and this case was closed. (Doc. No. 15.)

Thereafter, plaintiff filed a notice of change of address and objections to the findings and recommendations issued on November 13, 2023 in this action. (Doc. Nos. 17, 18.) Both of those filings were entered on the docket on March 4, 2023, though the handwritten date next to

1    plaintiff's signature on each indicates that plaintiff signed those filings on January 16, 2024.  (*See*
2    *id.*)  In those objections, plaintiff explained that on the night he was being transferred from
3    Stockton Hospital to a new prison, he submitted his mail (including his notice of change of
4    address for this court) to prison staff with U.S. postage for mailing, but the prison staff lost the
5    mail.  (Doc. No. 18.)  Plaintiff further states that "[a]ll this time I thought the court received my
6    new address until today 1/16/24 I received my lost property and found in my partial crisis bed
7    property said 'notice of address change.'"  (*Id.*)  Plaintiff asserts that he never received a copy of
8    the court's February 1, 2024 order dismissing this action, but he saw the order when he looked up
9    his case through the law library at the prison.  (*Id.*)

10          On March 13, 2024, plaintiff filed the pending motion for reconsideration of the February
11   1, 2024 order dismissing this action and closing this case.  (Doc. No. 19.)  Therein, plaintiff
12   reiterates the same explanation he provided in his objections.  On March 26, 2024, defendants
13   filed an opposition to plaintiff's motion, arguing that "[p]laintiff provides no evidence that he
14   actually handed his mail to a correctional officer in January 2024, for mailing," and "[p]laintiff
15   concedes that he has a tablet and could check the status of his case at any time."  (Doc. No. 20 at
16   3.)

17          Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
18   district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment
19   on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
20   evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has
21   been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."
22   Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any
23   event "not more than one year after the judgment, order, or proceeding was entered or taken."  *Id.*

24          As a preliminary matter, the court does not agree with defendant's interpretation of
25   plaintiff's statements as indicating that plaintiff "has a tablet" or that he could check on the status
26   of his case "at any time."  (Doc. No. 20 at 3.)  Defendants' opposition is simply not based on a
27   fair characterizations of plaintiff's statements.  In light of plaintiff's representations, the court
28   finds that plaintiff has demonstrated that reconsideration of the court's order dismissing this

action is justified. Having considered plaintiff's late-filed objections and his pending motion for reconsideration, as well as defendants' opposition thereto, and out of an abundance of caution, the court will grant plaintiff's motion for reconsideration and reopen this case.

Accordingly,

1. Plaintiff's motion for reconsideration of the court's February 1, 2024 order and motion to reopen this case (Doc. No. 19) is granted;

2. The February 1, 2024 order of dismissal and judgment (Doc. Nos. 15, 16) are vacated;

3. The Clerk of the Court is directed to reopen this case; and

4. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **April 2, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3