UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS D. FLORES, | No. 2:22-cv-2107 DAD SCR P |
| Plaintiff, | |
| v. | ORDER |
| G. HERRERA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has moved for appointment of counsel. Plaintiff also asks the court to re-schedule the settlement conference which was vacated. For the reasons set forth below, plaintiff's motion is denied.

**I.     Appointment of Counsel**

The United States Supreme Court has ruled that under 28 U.S.C. § 1915 district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

### II.     Other Requested Relief

Plaintiff moves the court to "not to enforce a settlement agreement" which includes an "invalid provision" and mentions the settlement conference previously set and vacated in this case. (ECF No. 33 at 1.)  The court construes this portion of plaintiff's motion as requesting that the court reschedule the settlement conference.  The settlement conference was vacated on August 7, 2024, upon defendants' request and representation that settlement discussions would not be fruitful at this time.  (See ECF No. 29.)  Plaintiff's request for relief will be denied, but the parties may in the future jointly request the court to set a settlement conference if the parties so agree.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel and request to schedule settlement conference (ECF No. 33) are denied.

DATED: September 8, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE